1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM STEWART NEELY,

11              Petitioner,                    No. CIV S-08-1416 KJM P

12        vs.

13   DIRECTOR, CALIFORNIA
     DEPARTMENT OF CORRECTIONS,
14   et al.,
                  Respondents.            ORDER
15   _____/

16              Petitioner is a state prison inmate proceeding pro se with a petition for a writ of

17   habeas corpus challenging his Sacramento County convictions for sex offenses against minors.

18   In his habeas petition, he raises the following claims: (1) several of his convictions violate the ex

19   post facto clause; (2) he was denied the effective assistance of trial counsel; (3) he was denied the

20   effective assistance of appellate counsel; (4) he was sentenced to consecutive terms based on

21   factors not found by the jury; (5) several convictions violate the statute of limitations; (6) there

22   was insufficient evidence of duress in connection with several of the convictions; (7) the

23   prosecutor misled the jury on the statute of limitations issue; (8) petitioner was not allowed to

24   cross-examine the primary prosecution witness on false statements made under oath; (9) there

25   was insufficient evidence that one of the victims was under the age of fourteen at the time of the

26   /////

                                                    1

1  offenses; (10) DNA evidence was falsified by the testing technician and created by use of pirated

2  software; and (11) there were additional ex post facto violations.  He has filed a motion for

3  discovery of a variety of materials relating to the DNA analysis and the arrest warrant in his case.

4       Respondent argues that petitioner is barred from factual development in federal

5  court because he failed to develop the record in state court.  Opp'n (Docket No. 20) at 2.  He also

6  argues that even if the court accepts all of petitioner's claims about DNA irregularities, there was

7  nevertheless sufficient evidence to support the convictions.  Id. at 3.  He further argues that the

8  warrant is not needed because both parties assumed at trial the limitations period commenced in

9  June 2003.  Id. at 2.

10      A.  Discovery In Habeas Cases

11       Under 28 U.S.C. § 2254(e)(2), a federal court shall not hold an evidentiary

12  hearing "[i]f the applicant has failed to develop the factual basis of a claim in State court

13  proceedings. . . ."  Respondent argues that this provision blocks petitioner's discovery request

14  because the state court did not issue an order to show cause and so did not permit him to pursue

15  discovery at the state level.

16       Neither the Supreme Court nor the Ninth Circuit has decided whether section

17  2254(e)(2) applies to a habeas petitioner's discovery requests. The Third Circuit has found that

18  section 2254(e)(2) does not apply to evidentiary hearings exploring the reasons for procedural

19  default:

20         AEDPA's use of the word "claim" uniformly comports with
   [petitioner's] more limited definition of a "cause of action" or

21         "means by or through which a claimant obtains . . . enjoyment of a
   privilege."  For example, the term "claim" is used in § 2254(d),

22         also added by AEDPA in the following sentence.  "An application
   for a writ of habeas corpus . . . shall not be granted with respect to

23

24  /////

25  /////

26  /////

1    any *claim* that was adjudicated on the merits in State court
     proceedings . . . ." 28 U.S.C. § 2254(d).  By stating that "an
2    application for a writ of habeas corpus" can be granted "with
     respect to any claim," the sentence clearly implies that Congress
3    used the term "claim" as a substantive request for the writ of
     habeas corpus.  This is the same definition of the term "claim"
4    used in the pleading requirements of Federal Rule of Civil
     Procedure 8(a) . . .

5

6    Cristin v. Brennan, 281 F.3d 404, 418 (3d Cir. 2002) (some internal quotes & citations omitted).

7    The Cristin court's reading of the word "claim" fits with the tenor of the entire subsection, for the

8    showing a petitioner must make to secure a hearing despite his lack of diligence below includes a

9    requirement that he demonstrate that the facts underlying the claim would have caused the trier

10   of fact to find him not guilty.  Requiring such a showing in connection with a discovery request

11   makes little sense.

12        As one district court has commented in rejecting another warden's argument

13   similar to that made by respondent here:

14        [I]t is premature to address respondent's argument because, at this
          point, petitioner has not sought (and may never seek) to present
15        new evidence in support of his claims.  At this point, he has asked
          only for leave to conduct discovery that may lead to new evidence.
16        The Court will address any arguments regarding whether
          § 2254(e)(2) precludes petitioner from introducing new evidence in
17        support of his claims when and if he seeks to present that new
          evidence.

18

19   Hill v. Mitchell, 2007 WL 2874597, *3 (S.D. Ohio).

20        It bears noting that the Supreme Court and the Ninth Circuit have found the

21   restrictions of section 2254(e)(2) applicable to requests to expand the record under Rule 7 of the

22   habeas rules.  In Holland v. Jackson, 542 U.S. 649, 653 (2004), the Supreme Court found that

23   section 2254(e)(2) applies "when a prisoner seeks relief based on new evidence *without* an

24   evidentiary hearing."  See also Cooper-Smith v. Palmateer, 397 F.3d 1236, 1241 (9th Cir. 2005).

25   In Holland and Cooper-Smith, however, the petitioners asked the courts to consider evidence

26   supporting their claims for relief that they had not presented to the state courts and that they

3

1  failed to pursue with the diligence required by <u>Williams v. Taylor</u>, 529 U.S. 420 (2000).  In this

2  case, as in <u>Hill</u>, petitioner has not yet asked this court to consider any evidence he seeks in

3  support of any of his claims for habeas relief.

4         Finally, even if section 2254(e)(2) applies to discovery proceedings, it does not

5  bar petitioner in this case, at least to the portion of his pending request the court ultimately

6  grants.  A petitioner will be charged with a "failure to develop" the facts if "there is lack of

7  diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."  <u>Williams</u>

8  <u>v. Taylor</u>, 529 U.S. 420, 432 (2000).  The petitioner must have "made a reasonable attempt, in

9  light of the information available at the time, to investigate and pursue claims in state court."  <u>Id.</u>

10  at 435.  "Diligence will require in the usual case that the prisoner, at a minimum, seek an

11  evidentiary hearing in the state court in the manner prescribed by state law."  <u>Id.</u> at 437.

12         In this case, petitioner filed a state habeas petition raising his statute of limitations

13  and DNA challenges and asked for an evidentiary hearing.  Lodg. Doc. 11 at consecutive pages 1

14  (request in caption), 12.  Respondent argues there was no diligent pursuit, however, because

15  petitioner's habeas petition did not state a prima facie case in state habeas.  Opp'n at 3-4 &

16  nn. 3-4.

17         The California Supreme Court has established pleading requirements for state

18  habeas petitions:

19        The petition should both (i) state fully and with particularity the
      facts on which relief is sought, as well as (ii) include copies of

20        reasonably available documentary evidence supporting the claim,
      including pertinent portions of trial transcripts and affidavits or

21        declarations. Conclusory allegations made without any explanation
      of the basis for the allegations do not warrant relief, let alone an

22        evidentiary hearing.

23  <u>People v. Duvall</u>, 9 Cal.4th 464, 474 (1995) (citations omitted).  The state habeas petition in this

24  case was supported by a seven page discussion of the DNA evidence admitted at petitioner's

25  trial, as well as by a number of exhibits supporting petitioner's claims of irregularities in the

26  DNA testing.  <u>See</u> Lodg. Doc. 11, Mem. P. & A. at 77-82A & Exs. 23-29.  The petition's

substance exceeded the "conclusory allegations" the <u>Duvall</u> court found wanting.  Because the state courts denied the petition without issuing an order to show cause, the case never reached the stage at which petitioner could request an evidentiary hearing or seek discovery.  <u>People v. Romero</u>, 8 Cal.4th 728, 739 (1994) (only after the order to show cause has issued and the return and traverse have been filed will the court determine whether unresolved factual issues require an evidentiary hearing).  If section 2254(e)(2) imposes a diligence requirement on habeas discovery proceedings, petitioner has satisfied it for the purpose of this motion.

Under the rules governing habeas proceedings:

> (a) Leave of Court Required. A judge may, for good cause,
> authorize a party to conduct discovery under the Federal Rules of
> Civil Procedure and may limit the extent of discovery. . . .

> (b) Requesting Discovery. A party requesting discovery must
> provide reasons for the request.  The request must also . . . specify
> any requested documents.

Rule 6, Rules Governing Habeas Corpus Proceedings.  Habeas petitioners are not entitled to discovery as a matter of course but only when specific allegations show reason to "believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  <u>Bracy v. Gramley</u>, 520 U.S. 899, 908-09 (1997).  The burden of showing the materiality of the discovery sought is on the party seeking it.  <u>Murphy v. Johnston</u>, 205 F.3d 809, 813-15 (5th Cir. 2000).

In this case, criminalist Jeffrey Herbert of the Sacramento County Crime Lab undertook DNA analysis of substances found on paper towels and testified that the semen found on some of those towels matched the sample provided by petitioner, while the non-sperm portion of the substance matched the sample provided by the victim.  RT 710, 730, 738, 743-746.  The statistical analysis of the samples diverged because Herbert secured only a partial profile from some of the samples.  RT 744.  Herbert's results were subjected to a technical review by Mark Eastman, who signed off on Herbert's report.  RT 748-749.  Eastman did not retest the material, /////

1  but did review the printouts and Herbert's interpretation.  RT 764.  An administrative review was

2  conducted by Ray Bartneck, who also signed off on the report.  RT 749-750.

3          Herbert described the precautions he took in order to avoid contaminating a

4  sample, but acknowledged he could not control the collection process, which might inadvertently

5  have contaminated the evidence.  RT 759-762.  He recognized the potential for contamination in

6  this case because two of the paper towels were packaged together, while the second batch of five

7  was packaged together; ideally, each towel should have been packaged separately.  RT 760.

8          He also described the phenomenon of "stutter," which is an artifact of the

9  amplification of small portions of DNA.  RT 765.  The analyses in this case included a stutter at

10  one marker.  RT 768.  Herbert relied on the recommendations of the software manufacturer when

11  calculating stutter.  RT 770.  The user manual noted ten percent as the highest stutter observed

12  for any sample, while the stutter in this case was 16.2 and 19 percent.  RT 772-773.  According

13  to the manufacturer, those peaks would be true peaks of DNA, not stutter from the amplification

14  process.  RT 773, 794.  The Sacramento County Crime Lab manual adopted 15 percent as a cut-

15  off for stutter.  RT 774.  Neither petitioner nor the victim had a 19 in the profile at the particular

16  allele.  RT 774.  Herbert believed this did not indicate the presence of a third person in the

17  sample because this was the only marker that acted differently and he found it in both the sperm

18  fraction and the non-sperm fraction of the samples.  RT 774, 795.

19          In his motion, petitioner asks for twenty-one categories of materials relating to the

20  DNA tests, to the Sacramento County Crime Laboratory's procedures, and to the criminalists

21  involved, among other things.  He argues that there were "many irregularities in Petitioner's

22  DNA analysis and reporting," which establish the good cause necessary for habeas discovery.  He

23  has provided some newspaper articles showing Eastman was fired sometime after conducting the

24  technical review in petitioner's case after he improperly entered DNA samples into a law

25

26

enforcement databank.  Discovery Mot. (Docket No. 4) at 10, 29-31.[1]  He also argues that the results in his case were created by Jill Spriggs, another crime lab employee, using pirated software.  His support for this claim is a document he appears to have prepared himself, using bold letters to identify the reports he claims were manufactured by Spriggs.  Id. at 5-6, 19.  Based on his own filings, it does appear petitioner already has many of the documents he seeks; indeed, many were introduced during trial.

The evidence of Eastman's failure to follow proper procedures in other cases, and the evidence of the stutter that was outside what the manufacturer or even the crime lab's manual deemed usual, suggests petitioner might be able to show he is entitled to relief if he can show some contamination of the samples or some problem with the technical review.  Respondent suggests that even if the DNA evidence is totally discredited, petitioner's convictions would be upheld based on the victims' testimony and the pretext telephone call one of the victims made to petitioner.  The court does not downplay the significance of such evidence.  At the same time, DNA evidence, with its aura of scientific certainty, is often deemed more powerful than the fallible memory of witnesses who might misremember important details or have motives to fabricate.  See, e.g., Friedman v. Boucher, 580 F.3d 847, 864 (9th Cir. 2009).

Notwithstanding the foregoing, petitioner has not shown the materiality of any information about Jill Spriggs or about the software he claims was pirated, or about any claims that the computer program Herbert used was somehow unreliable.  Indeed, he bases much of his argument on the reliability of that software in identifying the DNA peak/stutter, which could suggest contamination.

Finally, petitioner's claim that the arrest warrant or its absence might have some bearing on his statute of limitations argument does not establish the necessary materiality.  Under California law, a prosecution is commenced for statute of limitations purposes when either an

---

[1]  The court relies on the page numbers assigned by its ECF system.

1  indictment or information is filed or when an arrest warrant is issued.  Cal. Penal Code § 804

2  (prior version, effective until Dec. 31, 2006).  Even if there had been no warrant, as petitioner

3  suggests, the complaint was deemed to be an information on November 12, 2003.  CT 13.  This

4  provides a date for determining when the prosecution was commenced for statute of limitations

5  purposes.

6           Accordingly, IT IS HEREBY ORDERED that:

7           1.  Petitioner's motion for discovery (docket no. 13) is granted with respect to the

8  requests identified below, but denied in all other respects:

9               A.  Request 3 and its subparts;

10              B.  Request 5 (docket no. 4, p. 3 line 28 thorough p. 4 line 1);

11              C.  Request 14, limited to the six months before and after the analysis

12  conducted in petitioner's case; and

13              D.  Request 20, limited to Mark Eastman.

14          2.  The Clerk of the Court is directed to send the consent/reassignment form

15  contemplated by Appendix A(k) to the Local Rules of this court to counsel for respondent.

16  DATED:  March 31, 2010.

17

18

19                                        _____
                                          U.S. MAGISTRATE JUDGE
20

21

22

23

24

25  2

26  neel1416.dsc