UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM STEWART NEELY, | No. 2:08-cv-1416 WBS CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Respondents. | |

      On February 28, 2012, petitioner's 28 U.S.C. § 2254 application for writ of habeas corpus was denied and this case was closed. Petitioner appealed that decision, and the appeal was terminated on March 1, 2013, when the Ninth Circuit declined to issue a certificate of appealability. Petitioner did not seek a writ of certiorari in the United State Supreme Court.

      Approximately nine years later, on June 9, 2022, petitioner filed a motion for relief from the court's February 28, 2012, entry of judgment under Rule 60(b) of the Federal Rules of Civil Procedure. On August 17, 2022, the district court judge assigned to the case referred the motion to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) for findings and recommendations. For the reasons which follow, the court recommends that the motion be denied.

      For the most part, petitioner seeks relief from judgment under Rule 60(b)(2) based upon what petitioner describes as newly discovered evidence. However, the Ninth Circuit has held that

1

1  a Rule 60(b)(2) motion amounts to a second or successive habeas petition where the petitioner, as
2  here, seeks to present new evidence in support of a claim already litigated or a new claim. United
3  States v. Washington, 653 F.3d 1057, 1063 (9th Cir. 2011). Petitioner cannot proceed on a
4  second or successive petition in this court until authorization to proceed is granted by the Ninth
5  Circuit, 28 U.S.C. § 2244(b)(3), and petitioner has not obtained that authorization.

6  Petitioner also seeks relief from judgment based upon "fraud on the court." ECF No. 57
7  at 1. "Fraud on the court" is a basis for granting relief from judgment under Rule 60(d)(3) not
8  60(b). The Ninth Circuit has held that "fraud on the court" under Rule 60(d)(3) is "fraud which
9  does or attempts to defile the court itself, or is a fraud perpetrated by officers of the court so that
10 the judicial machinery cannot perform in the usual manner." Alexander v. Robertson, 882 F. 2d
11 421, 424 (9th Cir. 1989). A party seeking to invoke Rule 60(d)(3) must demonstrate "an
12 unconscionable plan or scheme which is designed to improperly influence the court in its
13 decision." Pumphrey v. K.W. Thompson Tool Co., 62 F. 3d 1128, 1131 (9th Cir. 1995).

14 Essentially, petitioner asserts that counsel for respondent committed fraud upon the court
15 for presenting argument based upon how the record appeared before the court when petitioner's §
16 2254 petition was adjudicated, and not upon the record plus petitioner's allegedly newly
17 discovered evidence. To the extent petitioner presents any newly discovered evidence which is
18 material in any respect to petitioner's convictions and sentences, petitioner fails to point to
19 anything suggesting respondent or counsel for respondent was aware of such evidence and that
20 failure to disclose it to petitioner or the court was an act of fraud. Petitioner's characterization of
21 counsel for respondent's actions as an act of fraud appears nothing more than an attempt to have
22 his allegedly new evidence considered without obtaining the required authorization from the
23 Ninth Circuit described above.

24 Finally, petitioner asserts that misrepresentations made by respondent caused the court to
25 make a mistake with respect to the law in denying his petition for a writ of habeas corpus. First, a
26 Rule 60(b) motion based upon mistake of law is subject to the one-year limitations period
27 identified in Rule 60(c)(1), Kemp v. United States, 142 S. Ct. 1856, 1865 (2022), and that period
28 has long passed. Second, as indicated above, petitioner appealed the denial of his habeas petition

and the Ninth Circuit declined to grant a certificate of appealability based upon the state of the record as it stood then. In so doing, the Ninth Circuit found that petitioner had not made a substantial showing of the denial of a constitutional right in his habeas petition. See 28 U.SC. § 2253.

In sum, to the extent petitioner seeks to present new evidence in support of a claim already litigated or a new claim, his motion for relief from judgment is, in effect, a successive habeas petition upon which petitioner cannot proceed. Nothing before the court suggests that respondent or counsel for respondent committed any act of fraud upon the court so petitioner is not entitled to relief under Rule 60(d)(3). Any claim of mistake of law is barred by the one-year limitations period appearing in Rule 60(c)(1), and the Ninth Circuit's denial of a certificate of appealability bars the claims in petitioner's habeas petition. For these reasons, petitioner's motion for relief from judgment must be denied.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion for relief from judgment under Federal Rule of Civil Procedure 60(b) (ECF No. 57) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

/////
/////
/////
/////

Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 18, 2022

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

---

1
neel1416.mfr